136 N.W.2d 280 (1965)
F. W. WOODWARD, F. R. Woodward, M. Jeanne Woodward, and Elsie M. Woodward, F. Robert Woodward, M. Jeanne Woodward and American Trust & Savings Bank, Dubuque, Iowa, Trustees of Fred W. Woodward Trust No. I, and Elsie M. Woodward, F. Robert Woodward, M. Jeanne Woodward and American Trust & Savings Bank, Dubuque, Iowa, Trustees of Fred W. Woodward Trust No. 2, Appellants,
v.
Margaret M. QUIGLEY, Appellee and Cross-Appellant.
No. 51390.
Supreme Court of Iowa.
June 30, 1965.
Clewell, Cooney & Fuerste, Dubuque, for appellants.
O'Connor, Thomas, Wright, Hammer & Bertsch, Dubuque, for appellee and cross-appellant.
STUART, Justice.
Plaintiffs were granted a rehearing upon the original opinion reported at Iowa, 133 N.W.2d 38. They complain that the computation used as an aid in arriving at the real value of defendant's stock overstated such value because the investment income was included in the earnings to which a price earnings ratio was applied and the value of the investment assets was then added to the resulting figure. The point raised is a valid one. It is obvious the value is inflated when the value of the assets and the income therefrom are both used in the same computation. The price-earnings ratio is applied to operating income and it was improper to have included investment income.
The parties agree generally on the gross investment income, but differ as to *281 the amount of income tax which should be deducted to arrive at net investment income. Defendant applied the regular corporate tax rates and plaintiffs applied the reduced rates applicable to the particular type of income, for example, no income tax was deducted from interest on municipal bonds. It is our conclusion that the income tax deducted on Schedule J, referred to in the initial opinion was computed at the actual tax rates applicable. This is the testimony of Mr. McKean appearing on page 117 of the record and is supported by computing the income tax by this method. The average net investment income determined in such a manner was approximately $4700.
In resistance, defendant points out that the Visual Education subsidiary, contrary to the statement in our opinion, was in existence during the five year period used and we did not consider either the income or net worth in our computation. While the corporation had not been dissolved, it was not doing business at the time, and the income would not have been a useful guide to future profits of the corporation. However, the net worth of the subsidiary should have been included in investment assets.
Our computation, therefore, is to be adjusted in two particulars. (1) The earnings are to be reduced from $106,538 to $101,838 by deducting $4700 investment income. (2) The investment assets are to be increased from $137,262 to $149,928 by adding the net worth of Visual Education in the amount of $12,666. The corrected computation is as follows:

Earnings 101,838
 P/E ratio 13.5
 __________
 1,374,813
Excess working cap. 385,000
Inv. Assets 149,928
 ___________
 Total Value 1,909,741
 Per share $1591

Plaintiffs, however, place too much reliance upon this mathematical calculation. They would urge us to set the value of defendant's stock at $1591. They misconstrue the purpose of the computation. As pointed out in the last paragraph of our opinion, the valuation of the stock in the final analysis is a matter of judgment based on all material evidence and the consideration of all relevant factors. The formula used is not an exact scientific certainty in which the answer is the only correct answer. Too many of the elements are estimates and opinions. It was used as an aid in arriving at our judged valuation and to test its reasonableness. Since the formula was an important factor in our final judgment, the errors herein discussed did effect the final figure, but not to the extent urged by plaintiffs. We feel in all fairness, however, that the corrections should be reflected in the final judgment and therefore reduce the value of defendant's stock to $1620 per share or a total of $613,980. In all other respects the opinion filed February 9, 1965 is confirmed.
Defendant's motion to retax the costs is denied.
All Justices concur.